# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:20-CR-149- |
| § | SDJ-KPJ-1 |
| JAMES DONALD BLODGETT § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant James Donald Blodgett's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on July 23, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Douglas Schopmeyer of the Federal Public Defender's Office. The Government was represented by Chris Rapp.

Defendant was sentenced on March 15, 2023, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(a)(2) Possession Of A Firearm By A Prohibited Person, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 14 and a criminal history category of III, was 21 to 27 months. Defendant was subsequently sentenced to 24 months imprisonment, followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, mental health treatment, substance abuse treatment and testing, and a $100 special assessment. On April 11, 2023, Defendant completed his original period of imprisonment and began service of the supervision term. On June 29, 2023, this case was reassigned to the Honorable Sean D. Jordan, U.S. District Judge for the Eastern District of Texas. On December 28, 2023, Defendant's supervised release was revoked, and he was sentenced to

REPORT AND RECOMMENDATION – Page 1

eight months imprisonment, followed by a 28-month term of supervised release. On January 24, 2024, Defendant was released from custody early due to him having 303 days of over-served time. The current term of supervised release is subject to the standard and mandatory conditions of supervision, as well as those previously noted conditions.

On June 11, 2024, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision. (Dkt. #90, Sealed). The Petition asserts that Defendant violated four conditions of supervision, as follows: (1) (mandatory) Defendant must refrain from any unlawful use of a controlled substance; (2) (standard) After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when Defendant must report to the probation officer, and Defendant must report to the probation officer as instructed; (3) (special) Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing; and (4) (special) Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing. (Dkt. #90 at pp. 1–3, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On January 29, 2024, Defendant submitted a urine specimen at the U.S. Probation Office, which tested positive for marijuana. He verbally admitted to using marijuana. Additionally, it was confirmed positive by the national lab. On March 21, 2024, Defendant submitted a positive urine specimen for

methamphetamine at the U.S. Probation Office. He signed a written admission form, and it was confirmed by the national lab. On April 30, 2024, Defendant submitted a urine specimen at the U.S. Probation Office which tested positive for methamphetamine. The specimen was confirmed positive by the national testing laboratory; (2) Defendant failed to report as instructed for the month of April 2024. Defendant was instructed to submit a monthly report by the fifth of every month. The above report was submitted electronically after the fifth of the month. Additionally, Defendant failed to report as instructed for the months of May 2024 and June 2024. Defendant failed to submit a written or electronic report for both months; (3) On May 9, 2024, May 29, 2024, and June 5, 2024, Defendant failed to report to the U.S. Probation Office to submit a urine specimen, as required by the Random Drug Testing Program. On April 16, 2024, Defendant was scheduled to attend Fletcher Counseling in Plano, Texas, for a substance abuse assessment. He failed to attend the appointment. He later stated he did not make the appointment because he overslept; and (4) On April 16, 2024, Defendant was scheduled to attend Fletcher Counseling in Plano, Texas, for a substance abuse assessment. He failed to attend the appointment. He later stated he did not make the appointment because he overslept. (Dkt. #90 at pp. 1–3, Sealed).

Prior to the Government putting on its case at the final revocation hearing, the Government moved to dismiss allegations (2), (3), and (4). Defendant entered a plea of true to allegation (1) of the Petition.

Having considered the Petition and the plea of true to allegation (1), the court finds that Defendant did violate his conditions of supervised release. Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of thirteen (13) months with no supervised release to follow.

The court further recommends that allegations (2), (3), and (4) be dismissed.

The court finally recommends that Defendant be housed in the Bureau of Prisons medical facility in the Fort Worth, Texas area, if appropriate.

**SIGNED this 26th day of September, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE